**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| FRANCISCA GONZALEZ,          ) | |
|     Plaintiff,                     ) | |
| v.                                            ) | No. 3:15-CV-3763-M (BF) |
| CAROLYN W. COLVIN, Acting      ) | |
| Commissioner of the Social Security   ) | |
| Administration,                          ) | |
|     Defendant.                  ) | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Francisca Gonzalez ("Plaintiff") brings this action for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") final decision denying her claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). Pl.'s Br. 1, ECF No. 20. For the following reasons, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

**BACKGROUND**

Plaintiff alleges that she is disabled due to a variety of ailments including major depressive disorder, diabetes, high blood pressure, and back pain. Tr. 232, ECF No. 11-7. After Plaintiff's application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on April 24, 2014 in Dallas, Texas before ALJ Michael E. Finnie (the "ALJ"). Tr. 42, ECF No. 11-3. Plaintiff was born on December 3, 1951, and at the time of the hearing, Plaintiff was 62 years old. Tr. 45, ECF No. 11-3. The highest level of education Plaintiff completed is the 9th grade. Tr. 233, ECF No. 11-7. Plaintiff has past work experience as a hand packager. Tr. 54, ECF No. 11-3. Plaintiff has not engaged in substantial gainful

activity since June 20, 2012. Tr. 42, ECF No. 11-3.

The ALJ issued his decision on September 16, 2014 finding that Plaintiff has not been under a disability as defined in the Social Security Act from June 20, 2012 through the date of his decision. Tr. 33-34, ECF No. 11-3. The ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus, degenerative disc disease of the spine, and affective disorder. Tr. 26, ECF No. 11-3. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). Tr. 26, ECF No. 11-3. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), and that Plaintiff could: (1) lift and carry 50 pounds occasionally and 25 pounds frequently; (2) sit, stand, and walk for 6 hours in an 8 hour workday; (3) occasionally climb ramps; (4) not climb ladders, ropes, or scaffolds; (5) frequently balance, kneel, crouch, and crawl; (6) occasionally stoop; and (7) perform simple and routine tasks. Tr. 28, ECF No. 11-3. The ALJ determined that Plaintiff had the RFC to perform her past relevant work as a hand packager, which is described in the Dictionary of Occupational Titles as unskilled, medium work. Tr. 33, ECF No. 11-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on September 29, 2015, the Appeals Council denied Plaintiff's request. Tr. 1, ECF No. 11-3. Plaintiff subsequently filed this action in the district court on November 20, 2015. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire*

*v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the

existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the only evidence the ALJ relied on in finding that Plaintiff did not meet Listing 12.04 on depressive, bipolar and related disorders were some of Plaintiff's reports and the ALJ disregarded all of the doctors' opinions in the record. Pl.'s Br. 3, ECF No. 19. Plaintiff contends that this is demonstrated by the ALJ's discussions of the doctors' opinions in his RFC finding where he gave all of their opinions little weight and played doctor by using his own opinion to make the determination that Plaintiff is not disabled. Pl.'s Br. 3, ECF No. 19. Plaintiff argues that the ALJ failed to consider whether Plaintiff's impairments met or equaled Listing 12.07 on somatic symptoms and related disorders. Pl.'s Br. 3-10, ECF No. 19. Plaintiff also argues that she meets Listing 12.07, given her reported symptoms, unresponsiveness to medication, and the inability of various tests to diagnose her condition. Pl.'s Br. 5-9, ECF No. 19. Furthermore, Plaintiff points out that the March 28, 2013 psychological evaluation performed by Dr. James David noted that Plaintiff experienced somatization symptoms. Pl.'s Br. 6, ECF No. 19; Tr. 677, ECF No. 12-3.

In the response, the Commissioner argues that Listing 12.07 is not applicable in this case, because there are "demonstrable organic findings" showing that Plaintiff's symptoms arose from impairments other than a somatoform disorder, and no doctor in the record attributed Plaintiff's complaints to a somatoform disorder. Def.'s Br. 4, ECF No. 20. Furthermore, the Commissioner argues that even if Plaintiff had a somatoform disorder, she would not meet Listing 12.07, because

5

she did not meet the Paragraph B criteria. Def.'s Br. 4, ECF No. 20. The Commissioner argues that while Plaintiff lists a litany of subjective complaints and physical examination findings, none of them support a finding that Plaintiff met the Paragraph B criteria or that a somatoform disorder exists. Def.'s Br. 6, ECF No. 20. The Commissioner argues that, to the extent Plaintiff relies on clinical tests such as magnetic resonance images and x-rays to make her argument that she meets Listing 12.07, such evidence actually undermines her argument, because they are the "demonstrable organic findings" that rule out a somatoform disorder as the source of Plaintiff's symptoms. Def.'s Br. 6, ECF No. 20.

With respect to Plaintiff's argument that the ALJ gave all of the medical providers' opinions little weight and played doctor by using his own opinion to conclude that Plaintiff is not disabled, the Commissioner argues that it is unclear as to which opinion Plaintiff contends the ALJ should have adopted, because all of the medical opinions in the record undermines Plaintiff's argument. Def.'s Br. 6, ECF No. 20; Pl.'s Br. 3, ECF No. 19. The Commissioner points out that the ALJ specifically stated that he gave great weight to the state agency physicians' opinions, both of whom found that Plaintiff did not have a somatoform disorder and did not meet the Paragraph B criteria. Def.'s Br. 6, ECF No. 20 (citing Tr. 33, ECF No. 11-3; Tr. 69 & 100, ECF No. 11-4). The Commissioner also points out that Plaintiff reported to Dr. David that she attended church, got along with her family and former co-workers, and had no problems with authority figures. Def.'s Br. 5, ECF No. 20 (citing Tr. 674, ECF No. 12-3). The Commissioner further points out that Dr. David found that Plaintiff could perform simple, routine tasks, which is consistent with the ALJ's RFC assessment. Def.'s Br. 6, ECF No. 20 (citing Tr. 28, ECF No. 11-3; Tr. 676, ECF No. 12-3). The Commissioner argues that the ALJ considered listings that are relevant to Plaintiff's claims (Listing

6

1.04 - Spine impairment and Listing 12.04 - depression), as well as the Paragraph B criteria, and determined that Plaintiff failed to meet the criteria. Def.'s Br. 6, ECF No. 20. The Commissioner argues that the ALJ did not consider Listing 12.07, because Plaintiff did not allege a somatoform disorder at any point in the administrative process and did not have this disorder. Def.'s Br. 6, ECF No. 20. The Commissioner argues that even if the ALJ's step three determination was conclusory as Plaintiff contends, such an error would be harmless because Plaintiff failed to produce evidence sufficient to show that she met the necessary criteria. Def.'s Br. 7, ECF No. 20 (citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007); *Hernandez v. Heckler*, 704 F.2d 857, 860 (5th Cir. 1983); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Bowen v. Yuckert*, 482 U.S. 137 (1987)).

"During the Step-Three evaluation process, the ALJ compares the claimant's impairments with impairments considered severe enough to disable an individual." *Cassel v. Colvin*, No. 3:15-CV-3462-L (BN), 2016 WL 4385089, at *3 (N.D. Tex. July 28, 2016) (citing *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000); 20 C.F.R. § 404.1520(d)). Where the soundness of the ALJ's step three determination is at dispute, "the reviewing court must (1) determine whether the ALJ supported the Step-Three determination with a discussion of the relevant evidence, and if she failed to do so, (2) determine whether the ALJ's error was harmless." *Id.* (citing *Cadzow v. Colvin*, No. 5:12-CV-225-C, 2013 WL 5585936, at *4 (N.D. Tex. Oct. 10, 2013); *Audler*, 501 F.3d at 448-49). An error is harmless where "it does not compromise the ALJ's ultimate conclusion." *Id.* (citing *Cadzow*, 2013 WL 5585936, at *4; *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). However, where "the uncontroverted evidence suggests that the claimant's impairments meet the requirements of a listing, the ALJ's failure to provide the basis for her Step-Three decision is error that requires remand." *Id.* (citing *Cadzow*, 2013 WL 5585936, at *4; *Audler*, 501 F.3d at 449).

The ALJ supported his step three decision with discussions of Listing 12.04 and the relevant evidence of the record. Tr. 27, ECF No. 11-3. The ALJ stated that Plaintiff did not satisfy the Paragraph B criteria required for meeting Listing 12.04, because Plaintiff had (1) mild restrictions in activities of daily living as demonstrated by her report to Dr. David that she is able to take care of her own personal needs, watch TV, manage her money, read, and periodically take care of her granddaughter; (2) mild difficulties in social functioning as demonstrated by her report to Dr. David that she attended church and did not have difficulties getting along with others; (3) moderate difficulties with concentration, persistence or pace, as she reported to Dr. David that she did not have any major problems completing tasks, but had difficulty with concentration; and (4) experienced no episodes of decompensation of extended duration, as she reported to Dr. David only two episodes of decompensation in 2010 and in 2012. Tr. 27, ECF No. 11-3; Tr. 673-77, ECF No. 12-3. While Plaintiff argues, with respect to Listing 12.04, that the ALJ erred by disregarding all of the doctors' opinions and giving little weight to their opinions, as the Commissioner points out, the ALJ stated in his decision that he gave "great weight to the State agency consultants' physical and mental limitations." Tr. 33, ECF No. 11-3; Def.'s Br. 6, ECF No. 20; Pl.'s Br. 3, ECF No. 19. Furthermore, the ALJ's decision demonstrates a reliance on Dr. David's opinions, and as argued by the Commissioner, Dr. David's opinion is consistent with the ALJ's RFC assessment. Tr. 27 & 30-31, ECF No. 11-3; Tr. 673-77, ECF No. 12-3. In addition, although Plaintiff argues that the ALJ erred by not discussing Listing 12.07, Listing 12.07 requires Plaintiff to meet the Paragraph B criteria that the ALJ discussed at length in connection with Listing 12.04. *See* Pl.'s Br. 4-9, ECF No. 19; 20 C.F.R. Part 404, Subpt. P., App. 1 § 12.07. In making her argument that she meets the Paragraph B criteria, Plaintiff only references her subjective complaints as the supporting medical evidence. Pl.'s

Br. 9, ECF No. 19.

It is Plaintiff's burden to show that she meets the requirements of any listing. *See Hodges v. Colvin*, No. 4:15-CV-506-BL, 2016 WL 5957608, at *3 (N.D. Tex. Oct. 12, 2016) ("Hodges argues she met the criteria set out for an impairment listed at § 12.07 in appendix 1 of the Social Security regulations and the ALJ therefore erred by failing to discuss that listing in the context of her impairments. . . As noted above, a claimant bears the burden of proof at step three, and the ALJ's decision must be affirmed if supported by anything more significant than a scintilla of evidence." (citing *Audler*, 501 F.3d at 448; *Newton v. Apfel*, 209 F.3d 448,452 (5th Cir. 2000))). "The criteria in the Listings are designed to be 'demanding and stringent.'" *Cassel*, 2016 WL 4385089, at *4 (quoting *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)). "This is because the Listings 'were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Id.* (quoting *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)). Because Plaintiff failed to meet her burden of demonstrating that she meets the requirements of the listings at issue, Plaintiff has not shown that the ALJ's step three finding was in error. *See Hodges*, 2016 WL 5957608, at *4-5 ("[I]t is not error for the ALJ to decline to detail in the text of the decision why § 12.07 does not mandate a finding of disability in this case, as Hodges both failed to claim this somatoform disorder at the appropriate step and continued to fail to meet her burden of showing she qualifies under the listing. . . . Hodges did not complain directly of disability due to the impairment before the ALJ issued the decision . . . . Considering the foregoing, it is ORDERED that the decision of the Commissioner be AFFIRMED and Plaintiff's complaint be DISMISSED."); *Cassel*, 2016 WL 4385089, at *4 ("Because Plaintiff failed to present any evidence that his mental impairments satisfy Listing 12.03's severity and durational requirements, he has not met his heavy burden to show that the ALJ's Step-Three

9

determination was in error. The hearing decision should be affirmed in all respects.").

As previously stated, an "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany*, 2014 WL 1255316, at *9. Upon consideration of the foregoing, the undersigned concludes that substantial evidence supports the ALJ's decision, and that the final decision of the Commissioner should be affirmed.

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, this 20th day of January, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).